353 P.2d 164

WYCOFF COMPANY, Inc., Plaintiff,

v.

PUBLIC SERVICE COMMISSION of Utah,
Defendant.

No. 9204.

Supreme Court of Utah.

June 17, 1960.

———◆———

Pugsley, Hayes, Rampton & Watkiss,
Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Raymond
W. Gee, Asst. Atty. Gen., for defendant.

HENRIOD, Justice.

Appeal from a PSC nunc pro tunc order
of December 21, 1959, changing the word
"items" to "shipments" in its previous January
21, 1958 order granting Wycoff restricted
authority to haul. Affirmed without
costs.

324

■ Eliminating nonessentials: at the hearing on Wycoff's application for authority to haul certain commodities to certain points, Wycoff *itself* proposed an amendment to its application restricting itself to "transportation of *shipments* of not to exceed 100 pounds" and that such "shipments shall not be separated for the purpose of avoiding this restriction." Result: many protestants signed a stipulation to that effect and withdrew. The Commission accepted. The stipulation was set out in the Findings and Conclusions. Only the word "shipments" was used.

The order, however, said that Wycoff "shall be limited to the transportation of *items* of not to exceed 100 pounds * * * *Shipments* will not be separated for the purpose of avoiding this restriction." Nowhere is shown the reason for using "items" instead of "shipments" in the order. Petitioner has alluded to none. Since the words were used in the same paragraph, and since counsel for Wycoff correctly suggests that "items" and "shipments" have entirely different meanings in the transportation field, it was only natural, sensible, practical, reasonable and appropriate for the Commission, on envisioning the ambiguity, to be consistent and make synonymous that which, without such synonymity, would make impotent the last part of the order using the word "shipments." Elsewise, it would result in an unreasonable conclusion that the Commission, having erred in the use of words, was precluded from correction, and would make the Commission a captive of language that in good conscience needed clarification.

Wycoff says the order 1) violated its constitutional rights, 2) was in error because entered after the appeal period, 3) was in error because the shipping public was interested and alteration of the order was impossible, 4) was arbitrary and capricious, and 5) that the Commission is estopped from entering such order.

As to 1): since Wycoff· suggested the amendment that drove off many protestants signing the stipulation, it seems somewhat of a blushing matter to urge that getting all it asked for plus a claimed "something more" based on confusing phraseology, is a contention unespoused by simple, fundamental equitable concepts.

■ As to 2), 3), 4) and 5): a simple opine answers all: The law, seeking to prevent unrealistic and unintended results, will indulge a reasonably sympathetic latitude toward courts and administrative bodies to correct records so as to speak the truth, lest born of technical inaccuracy, error and injustice reign. If orders of such agencies reflect that black is white—obviously unintended—it would be absurd in our system to put such agencies in a lexicographical strait-jacket.

It is inconsistent for petitioner here to propose a restriction on itself and then,

because of an inadvertent use of loose verbiage, insist on something far and away in excess of the proposed self-restraint.

Notice of the change by nunc pro tunc, we feel, did not surprise Wycoff or anyone else. Had notice of such anticipated change been given before, it would have led to nothing but waste of time and expense to have had a hearing, when the legitimate, sensible course to pursue was obvious and obligatory.

Italics ours.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.